IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 7, 2018

## TONY THOMAS v. STATE OF TENNESSSE

**Appeal from the Criminal Court for Shelby County**
**No. 08-07876     Lee V. Coffee, Judge**

_____

### No. W2017-02221-CCA-R3-PC

_____

The petitioner, Tony Thomas, appeals the summary dismissal of his petition for post-conviction relief, which petition challenged his 2010 conviction of aggravated sexual battery. In this appeal, the petitioner contends that the post-conviction court erred by summarily dismissing his petition on grounds that he had filed more than one petition for post-conviction relief and that the grounds in his petition had been previously determined. The post-conviction court correctly determined that the petitioner's claim that he was deprived of the effective assistance of counsel at trial was previously determined; that portion of the court's order so holding is affirmed. Because the post-conviction court erred by concluding that (1) the petitioner had filed more than one petition for post-conviction relief and (2) the remainder of the petitioner's claims for post-conviction relief had been previously determined, that portion of the court's order is reversed. The case is remanded for an evidentiary hearing on those claims not previously determined.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed in Part; Reversed and Remanded in Part**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Tony Thomas, Whiteville, Tennessee, pro se.[1]

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

_____

[1]     After expressing his displeasure with a series of court-appointed attorneys, the petitioner asked to proceed pro se on appeal. This court remanded the case for a hearing to determine whether the petitioner's waiver of counsel was knowing and voluntary, and, upon remand, the lower court concluded that it was.

**OPINION**

A Shelby County Criminal Court jury convicted the petitioner, originally charged with one count of aggravated rape, of the lesser included offense of aggravated sexual battery, and the trial court imposed a Range III sentence of 20 years' incarceration. *See State v. Tony Thomas*, No. W2012-00413-CCA-R3-CD, slip op. at 1, 4 (Tenn. Crim. App., Jackson, Sept. 6, 2013). The petitioner filed a timely petition for post-conviction relief on August 12, 2014, alleging that he was deprived of the effective assistance of counsel at trial, at the hearing on his motion for new trial, and on appeal; that the trial court abused its discretion by admitting certain hearsay evidence and by denying the petitioner an opportunity to present evidence of prosecutorial misconduct; that the petit jury was unconstitutionally composed; that the State failed to disclose evidence favorable to him prior to trial as required by *Brady v. Maryland*, 372 U.S. 83 (1963); and that the prosecutor engaged in a variety of actions that equated to prosecutorial misconduct. The post-conviction court appointed counsel to represent the indigent petitioner and, following a March 2016 hearing, granted the petitioner's motion asking the original trial judge to recuse himself from the post-conviction proceeding.

On October 16, 2017, the post-conviction judge to which the case had been reassigned entered an order summarily dismissing the petition on grounds that the petitioner had filed more than one post-conviction petition and that the issues presented by the petitioner had been previously determined.[2]

In this appeal, the petitioner contends that the post-conviction court erred by summarily dismissing his petition for post-conviction relief. The State asserts that the trial court did not err by concluding that the petitioner's claim of ineffective assistance of trial counsel had been previously determined but concedes that the trial court erred by summarily dismissing the entire petition because the claims of ineffective assistance of counsel at the hearing on the motion for new trial and on appeal have not been previously determined.

We begin our analysis with the post-conviction court's erroneous conclusion that the petitioner had filed more than one petition for post-conviction relief. The court used this conclusion, at least in part, to justify the summary dismissal of the petition for post-conviction relief. Code section 40-30-102 provides, in pertinent part, that "[i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the

---

[2]    This order indicates that it was signed by the post-conviction court on August 21, 2017, but it bears a file stamp date of October 16, 2017.

merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." T.C.A. § 40-30-102(c). Although the court's conclusion in this regard is not entirely clear in the order of summary dismissal, at the hearing on the petitioner's motion to proceed pro se on appeal the court stated to the petitioner, "[Y]ou have an appeal pending on the post[-]convictions that I dismissed because I found that you cannot file two appeals – or have two post[-]convictions." The record clearly establishes, however, that the petitioner has filed only a single, timely post-conviction petition with regard to the conviction at issue. Although the petitioner has previously raised the issue of his trial counsel's effectiveness, he did not do so via a petition for post-conviction relief filed under the terms of the Post-Conviction Procedure Act. Instead, in his motion for new trial, the petitioner alleged that he was deprived of the effective assistance of counsel at trial. Despite the trial court's warning the petitioner "of the dangers of raising this issue" in the motion for new trial and "urg[ing] [the petitioner] to preserve it for later review," the petitioner persisted in his claim and presented evidence to support his claim at the hearing on the motion for new trial. *Tony Thomas*, slip op. at 9. The petitioner then challenged the trial court's ruling on direct appeal, and this court held that the petitioner "failed to establish that he was deprived of the effective assistance of counsel at trial." *Id.*, slip op. at 11. It is true that a claim of ineffective assistance of counsel is more traditionally raised as a ground for post-conviction relief, but the presentation of that claim in the motion for new trial, without more, cannot transform the motion for new trial into a petition for post-conviction relief. The post-conviction court erred, therefore, by summarily dismissing the petition for post-conviction relief on grounds that the petitioner had filed more than one petition for post-conviction relief.

We next consider the post-conviction court's conclusion that all of the issues raised in the petition for post-conviction relief were barred because they had been previously determined.

"A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." *See* T.C.A. § 40-30-106(h). "A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." *Id.*

Because the petitioner raised the issue of ineffective assistance of trial counsel in his motion for new trial and on direct appeal and because both the trial court and this court passed on that issue after a full and fair hearing, all claims regarding the actions of trial counsel qualify as having been previously determined and may not, therefore, form a basis for post-conviction relief. *See Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("When a claim has been previously determined, it cannot form the basis for post-conviction relief."). Accordingly, the post-conviction court did

-3-

not err by concluding that any claim with regard to trial counsel's performance is barred in this post-conviction proceeding.

The same is not true for the petitioner's remaining claims for post-conviction relief, including claims that he was deprived of the effective assistance of counsel at the hearing on the motion for new trial and on appeal. The petitioner has not previously presented those claims, and, as such, they have never been passed on by a court of competent jurisdiction after a full and fair hearing. Because those claims cannot qualify as having been previously determined, they are not barred in this post-conviction proceeding. Consequently, that portion of the court's order summarily dismissing the remainder of the petitioner's claims is reversed, and the case is remanded for an evidentiary hearing on those claims.

Finally, although the State concedes that the petitioner is not barred from presenting claims other than ineffective assistance of trial counsel in his post-conviction petition, it contends that the petitioner has limited the claims that he may present upon remand by failing to present those claims in this appeal. This is, quite simply, incorrect. The post-conviction court summarily dismissed the petition in its entirety, and the summary dismissal of the petition, and not the merit of any particular claim, is the sole issue in this appeal. That the petitioner failed to name any specific claim in his appellate brief would not, therefore, prevent him from presenting that claim upon remand. Indeed, the petitioner may, in keeping with the Post-Conviction Procedure Act, amend his petition for post-conviction relief to assert additional claims prior to the evidentiary hearing. *See* T.C.A. § 40-30-104(g).

Accordingly, we reverse the summary dismissal of the petition for post-conviction relief in this case. We affirm the ruling of the post-conviction court that the petitioner is barred from presenting any claim with regard to the effectiveness of his trial counsel because that ground for relief was previously determined. We reverse the ruling of the post-conviction court that the remainder of the petitioner's claims, including claims relative to the quality of the representation he received at the hearing on the motion for new trial and on appeal, had been previously determined. The case is remanded for an evidentiary hearing.

_____
JAMES CURWOOD WITT, JR., JUDGE